1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
8

9    MARK A. RANKIN,                    )
                                         )    No. CV-10-305-JPH
10              Plaintiff,              )
                                         )
11    v.                                )    ORDER GRANTING DEFENDANT'S
                                         )    MOTION FOR SUMMARY
12    MICHAEL J. ASTRUE,                )    JUDGMENT AND DENYING
      Commissioner of Social Security,  )    PLAINTIFF'S MOTION FOR
13                                       )    SUMMARY JUDGMENT
                Defendant.              )
14                                       )
                                         )
15    ──────────────────────────────    )

16        BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 10, 12.)  Attorney

17    Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Michael S. Howard

18    represents defendant.  The parties have consented to proceed before a magistrate judge.  (ECF No. 4.)

19    After reviewing the administrative record and briefs filed by the parties, the court **DENIES** plaintiff's

20    Motion for Summary Judgment and **GRANTS** defendant's Motion for Summary Judgment.

21                              **JURISDICTION**

22        Plaintiff Mark A. Rankin (plaintiff) protectively filed for supplemental security income (SSI) on

23    September 17, 2008.   (Tr. 123, 142.)  Plaintiff alleged an onset date of January 1, 1980.[1] (Tr. 123.)

24    Benefits were denied initially and on reconsideration.  (Tr. 71, 81.)  Plaintiff requested a hearing before

25    an administrative law judge (ALJ), which was held before ALJ Paul T. Hebda on December 10, 2009.

26    (Tr. 35-68.)  Plaintiff was represented by counsel and testified at the hearing.  (Tr. 39-41, 47-60.)

27    ─────────────

28        [1]Under Title XVI, benefits are not payable before the date of application.  20 C.F.R.§§  416.305,
      416.330(a); S.S.R. 83-20.

      ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

1   Medical expert Ronald Klein, Ph.D., and vocational expert Debra LaPoint also testified. (Tr. 37-39, 41-
2   47, 61-67.)  The ALJ denied benefits (Tr. 15-28) and the Appeals Council denied review. (Tr. 1.)  The
3   matter is now before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

5          The facts of the case are set forth in the administrative hearing transcripts, the ALJ decisions, and
6   the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

7          Plaintiff was 43 years old at the time of the hearing. (Tr. 47.)  Plaintiff went to school through
8   the tenth grade and has a GED. (Tr. 48.)  He has been incarcerated for 18 years of his adult life. (Tr.
9   39-41.)  He has worked as a laborer. (Tr. 49-50.)  He testified that he stopped working and cannot work
10  because he has a hard time around people and gets really nervous. (Tr. 51, 60.)  He also has a lot of
11  headaches and has difficulty with his memory. (Tr. 52.)  Plaintiff testified he has trouble holding onto
12  things with his hands, neck pain, difficulty sleeping, pain in his lower back, pain from metal lodged in
13  his foot, hepatitis C, and a persistent bacterial infection which required surgery on the back of his neck
14  and shoulders. (Tr. 52-54.)

### STANDARD OF REVIEW

16         Congress has provided a limited scope of judicial review of a Commissioner's decision.  42
17  U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the
18  determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler,*
19  760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The
20  [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are
21  supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42
22  U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d
23  1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan,* 888 F.2d 599,
24  601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th
25  Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate
26  to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch
27  inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be
28  upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

1 as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877

2 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

3    It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402

4 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its

5 judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

6 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the

7 proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v.*

8 *Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988).  Thus, if there is substantial

9 evidence to support the administrative findings, or if there is conflicting evidence that will support a

10 finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v.*

11 *Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

12                              **SEQUENTIAL PROCESS**

13    The Social Security Act (the "Act") defines "disability" as the "inability to engage in any

14 substantial gainful activity by reason of any medically determinable physical or mental impairment which

15 can be expected to result in death or which has lasted or can be expected to last for a continuous period

16 of not less than twelve months."  42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A).  The Act also provides

17 that a plaintiff shall be determined to be under a disability only if his impairments are of such severity

18 that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education

19 and work experiences, engage in any other substantial gainful work which exists in the national economy.

20 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical

21 and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

22    The Commissioner has established a five-step sequential evaluation process for determining

23 whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  Step one determines if he or she is

24 engaged in substantial gainful activities.  If the claimant is engaged in substantial gainful activities,

25 benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

26    If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step

27 two and determines whether the claimant has a medically severe impairment or combination of

28 impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant does not have a severe

impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

A finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.) When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

contributing to the disability.[2]  20 C.F.R. §§ 404.1535(a), 416.935(a).  It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability.  *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling.  20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since September 17, 2008, the application date. (Tr. 17.)  At step two, the ALJ found Plaintiff has the following severe impairments: anxiety-related disorder, history of substance addiction disorder, history of hepatitis C with mild hepatosplenomegaly with no evidence of liver damage. (Tr. 17.)  At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 19.)  The ALJ then determined:

> [T]he claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except he is limited to simple routine and repetitive tasks and superficial interaction with the public and occasional interaction with coworkers, but no tandem tasks with coworkers.

(Tr. 20.)  At step four, the ALJ found plaintiff is capable of performing past relevant work.  (Tr. 26.) Alternatively, based on plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert, the ALJ determined there are other jobs that exist in significant numbers in the national economy that the claimant can also perform.  (Tr. 26.)

---

[2]In this case, there is evidence of a history of drug abuse, but the ALJ found plaintiff not disabled at step four without considering substance abuse.  Therefore, the ALJ concluded a discussion of whether substance abuse is a contributing factor material to disability is not necessary.  (Tr. 23.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error.  Specifically, plaintiff asserts the ALJ: (1) improperly relied on the opinion of the medical expert; (2) failed to properly reject the opinions of treating and examining physicians; and (3) failed to develop the record.  (ECF No. 11 at 7-15.)  Defendant asserts the ALJ: (1) properly evaluated the medical evidence and (2) properly determined Plaintiff's residual functional capacity.  (ECF No. 13 at 10-16.)

**DISCUSSION**

**1.    Opinion Evidence**

Plaintiff argues the ALJ failed to properly reject the opinions of treating physician Dr. Gustafson and examining psychologists Drs. Moua and Rosekrans, and improperly relied on the opinion of the medical expert, Dr. Klein. (ECF No. 11 at 11.)  In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.  *Lester*, 81 F.3d at 830.  If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion.  *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining  physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

### a.    Dr. Gustafson

Dr. Gustafson, an osteopathic physician, saw plaintiff three times in 2008. Plaintiff's first visit with Dr. Gustafson to establish care for hepatitis C occurred in July 2008. (Tr. 341.) Plaintiff reported a long history of anxiety and that he had taken amitriptyline and Klonopin in the past with good effect. (Tr. 341.) He had been off medication since being released from prison three months previously and reported having had several panic attacks. (Tr. 341.) He also reported decreased energy, decreased appetite, nausea, daily vomiting and night sweats. (Tr. 341.) Dr. Gustafson restarted plaintiff's amitriptyline and Klonopin prescriptions. (Tr. 343.) On August 14 2008, Dr. Gustafson saw plaintiff a second time for follow up care and medication management. (Tr. 336.) Plaintiff reported the medications had helped his anxiety but he wanted an increase in Klonopin.[3] (Tr. 336.) Plaintiff continued to have frequent nausea and vomiting which affected his appetite. (Tr. 336.) Plaintiff complained of anxiety but denied depression. (Tr. 336.) Dr. Gustafson increased the Klonopin dosage. (Tr. 337.)

On October 9 2008, plaintiff returned to Dr. Gustafson for increase in his medications. (Tr. 351.) He was doing better on current doses but was still having significant anxiety. (Tr. 351.) He also requested a letter stating he is unable to look for work due to his anxiety. (Tr. 351.) Dr. Gustafson noted plaintiff appeared anxious. (Tr. 352.) She increased plaintiff's medications. (Tr. 352.) She talked with plaintiff about drug use, especially methamphetamine which would worsen anxiety. (Tr. 352.) Plaintiff agreed to a drug screen, but was unable to produce a urine sample and had an unsuccessful blood draw in the clinic. (Tr. 352.) He was sent to a lab for a blood draw, but never showed up. (Tr. 352.) Dr. Gustafson noted no more medication refills would be allowed until a drug screen was done. (Tr. 352.) On the same day, Dr. Gustafson wrote a letter stating that plaintiff was under her care for severe anxiety disorder. She opined, "At this time, he is unable to work secondary to the severity of his illness." The

---

[3]Plaintiff saw Dr. Fogleson on August 1, 2008. (Tr. 339.) He reported nausea and vomiting which he believed were related to his anxiety. (Tr. 339.) Dr. Fogleson noted plaintiff appeared anxious. (Tr. 339.) She increased the dosage of amitriptyline and indicated medication adjustments would hopefully improve functioning so plaintiff could rejoin the work force. (Tr. 340.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

ALJ gave little weight to Dr. Gustafson's opinion that plaintiff cannot work. (Tr. 25.)

Plaintiff argues the ALJ improperly rejected Dr. Gustafson's opinion that plaintiff cannot work. (ECF No. 22 at 15-16.) The ALJ gave three reasons for rejecting Dr. Gustafson's opinion. (Tr. 25.) First, the ALJ noted that although Dr. Gustafson opined that plaintiff's anxiety disorder prevented him from working, he reported feeling better when he was taking medication. (Tr. 351, 417.) He also reported medications had worked well in the past. (Tr. 328, 341.) Plaintiff argues, "The fact that Mr. Rankin was taking medication for his anxiety and that it was keeping his symptoms in decent control does not equate to the fact that Mr. Rankin would be capable of working." (ECF No. 11 at 12.) However, an impairment effectively controlled with medication is not disabling. *Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). In this case, there is no evidence in Dr. Gustafson's records supporting any specific limitations due to anxiety, especially since plaintiff himself reported reduced symptoms with medication. The ALJ reasonably assigned less weight to Dr. Gustafson's conclusion that plaintiff cannot work due to anxiety when the record suggests regular use of medication alleviates symptoms. Thus, the ALJ cited a specific, legitimate reasons for giving less weight to Dr. Gustafson's opinion.

Second, the ALJ pointed out that Dr. Gustafson's treatment notes contain little information regarding plaintiff's symptoms of anxiety. (Tr. 25.) The amount of relevant supporting evidence and the quality of the explanation provided are relevant factors in evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). An ALJ may discredit a treating physician's opinion if it is conclusory, brief, and unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Indeed, Dr. Gustafson noted few symptoms other than plaintiff's report of panic attacks in July 2008 and observations that plaintiff appeared anxious. (Tr. 337, 341, 343, 352). Dr. Gustafson appears to attribute symptoms of fatigue, nausea and vomiting to hepatitis C rather than anxiety. (Tr. 336, 341.) Even if those symptoms were attributable to anxiety, by October 2008 they had resolved. (Tr. 351.) There are no observations or symptoms suggesting that plaintiff's anxiety is so severe as to be disabling. As a result, the ALJ reasonably determined Dr. Gustafson's conclusion that plaintiff cannot

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

work is not supported by her treatment notes.  This is a specific, legitimate reason for rejecting the opinion.

Third, the ALJ observed there is no evidence that Dr. Gustafson is specially trained in the area of psychiatry and qualified to give an opinion regarding the severity of a mental health impairment.  (Tr. 25.)  The opinion of a physician who prescribes psychotropic medication constitutes "competent psychiatric evidence" and may not be discredited on the ground that he is not a board certified psychiatrist.  *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995); *see also Sprague v. Bowen*,  812 F.2d 1226, 1232 (9th Cir. 1987) ("It is well established that primary care physicians identify and treat the majority of Americans' psychiatric disorders.")  The ALJ erred by rejecting Dr. Gustafson's opinion because she is not specially trained in psychiatry.  However, errors that do not affect the ultimate result are harmless.  *See Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990); *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984).  In this case, the ALJ gave other specific, legitimate reasons supported by substantial evidence for rejecting Dr. Gustafson's opinion.  *See e.g., Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).  Therefore, the outcome is the same despite the improper reasoning.  As a result, the error is harmless.

**b.    Dr. Moua and Dr. Rosekrans**

Plaintiff argues the ALJ improperly rejected the opinions from Psychological Services Spokane signed by  Dr. Moua and Dr. Rosekrans.  (ECF No. 11 at 11-12.)  In June 2008, Dr. Moua completed a DSHS Psychological/Psychiatric Evaluation form and prepared a written narrative, and both documents were also signed by Dr. Rosekrans.  (Tr. 324-32.)  Drs. Moua and Rosekrans diagnosed major depressive disorder, single episode, severe; generalized anxiety disorder; and personality disorder NOS with antisocial features.  (Tr. 325.)  The doctors identified two moderate cognitive limitations and one marked and three moderate social limitations.  (Tr. 326.)  It was noted that plaintiff had not had medications for 10 years because he was in and out of the legal system and he had not had any mental health services since the 1990s.  (Tr. 328.)  The doctors opined that plaintiff is not likely to return to work without assistance with housing and psychiatric medication management for anxiety and depression.  (Tr. 332.)

In January 2009, Drs. Moua completed a second DSHS Psychological/Psychiatric Evaluation form

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

and prepared another written narrative, also signed by Dr. Rosekrans. (Tr. 413-19.) The doctors made a diagnosis similar to the 2008 diagnosis, including major depressive disorder, recurrent, severe; generalized anxiety disorder; and personality disorder NOS with antisocial features by history. (Tr. 414.) Again, cognitive function was assessed as moderately limited in two areas and social function was assessed as markedly limited in one area and moderately limited in three areas. (Tr. 415.) The doctors opined plaintiff appears overly anxious, confused and unmotivated. (Tr. 419.) It was noted that plaintiff reported good response to medications, but had run out of his medications two weeks before the evaluation. (Tr. 419.)

In May 2009, Kevin Shearer, MA, LMHC, CRC, prepared a narrative evaluation which was adopted by Dr. Rosekrans as his own report. (Tr. 439-46.) Dr. Rosekrans diagnosed the same conditions as in the previous two assessments. (Tr. 445.) It was noted that plaintiff appeared confused and over-medicated, at times so drowsy he could not stay alert during testing, although plaintiff denied use of alcohol or illegal substances. (Tr. 445.) He opined plaintiff is not employable in his current psychological state. (Tr. 445.)

The ALJ gave little weight to the evaluations prepared by Drs. Moua and Rosekrans. (Tr. 25.) The first reason given by the ALJ in rejecting the opinions is that plaintiff was not taking medication at the times of the first two evaluations. (Tr. 25.) At the first evaluation, plaintiff reported medication had been effective in the past but he had not taken any in the past 10 years because he was in and out of the legal system. (Tr. 328.) At the second evaluation, plaintiff reported a good response to medication, but had been out of medication for two weeks. (Tr. 419.) At the third evaluation, plaintiff appeared overmedicated. (Tr. 445.) As a result, plaintiff was not evaluated while adequately medicated, despite reports that medication was effective for plaintiff's symptoms. This suggests that the assessments by Drs. Moua and Rosekrans do not accurately reflect plaintiff's capabilities and limitations when adequately medicated and are therefore of less value in formulating the RFC. This is therefore a specific, legitimate reason for rejecting the opinions.

Second, the ALJ pointed out that even with no medications, plaintiff's most recent incarceration records show he received no counseling and was not taking any medications for depression or anxiety. (Tr. 21, 25.) The consistency of a medical opinion with the record as a whole is a relevant factor in

evaluating a medical opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). During a 2001 mental health status examination plaintiff was guarded but insisted he could cope and did not want a prescription. (Tr. 237.) He refused a mental health referral. (Tr. 237.) In 2004, Dr. Fleck noted a history of anxiety and depression, but plaintiff was not on any antidepressants and said he was not currently depressed. (Tr. 290.) Records from 2005 and 2006 reflect no mental health complaints or symptoms. (Tr. 252-65.) Plaintiff argues, "Mr. Rankin had been incarcerated for over 18 years and is more than enough evidence in and of itself to support a major impairment in function related to a personality disorder." (ECF No. 11 at 12.) Plaintiff cites no authority for this line of reasoning and the court finds no basis for plaintiff's suggestion that incarceration itself is evidence of a disabling impairment. Plaintiff also asserts, "Mr. Rankin experienced more anxiety and depression while he was not incarcerated due to his not being incarcerated." (ECF No. 11 at 12.) This statement is not supported anywhere in the record. As a result, the ALJ's reasonably concluded that the opinions of Dr. Rosekrans and Dr. Moua are not consistent with other evidence in the record. This is a specific, legitimate reason for rejecting the opinions.

The ALJ also noted there is no evidence that plaintiff's mental health has changed or worsened and that plaintiff symptoms are controlled with medication. (Tr. 25.) The ALJ points out evidence of improvement while plaintiff was taking medication. (Tr. 25.) For example, plaintiff used to avoid riding the bus due to anxiety, but after taking medication used the bus for transportation. (Tr. 330, 418, 441.) Plaintiff argues that plaintiff's ability to ride a bus does not necessarily equal the ability to work. (ECF No. 11 at 12.) Regardless, the ALJ's suggestion that plaintiff was unmedicated while in prison with little note of mental health difficulties in his medical record, and reported symptoms later improved while he was on medication is supported by substantial evidence.[4]

The third reason given by the ALJ is that Dr. Klein testified the evaluations fell below practice

---

[4]Additionally, the ALJ also pointed out that plaintiff testified he cannot ride the bus due to anxiety, but that he reported riding the bus for transportation to medical providers. (Tr. 24, 418, 441.) As noted by the ALJ, this is also relevant to credibility and suggests plaintiff is less limited than he testified. (Tr. 24.) Notably, plaintiff does not challenge the ALJ's credibility determination.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

standards and appropriate measures were not taken to determine whether plaintiff was malingering. (Tr. 25.)  According to Dr. Klein, the results of objective testing conducted by Drs. Moua and Rosekrans reference negative impression management and exaggeration of symptoms which were not reconciled with the face-to-face observations.  (Tr. 42.)  Dr. Klein also pointed out the results of objective testing indicate a malingered performance, which was not mentioned by the evaluating doctors and should have triggered further testing on the issue of malingering.  (Tr. 42, 329.)  Dr. Klein testified these factors caused the reports to be below the standard of care.[5]  (Tr. 42.)  It is the ALJ's duty to resolve conflicts and ambiguity in the medical and non-medical evidence.  *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999).  The ALJ reasonably gave the opinions of Dr. Moua and Dr. Rosekrans less weight based on the  issues raised by Dr. Klein.  If the methods and analysis used to establish the opinion were below the standard of care, the reports are not reliable.  This is therefore a specific, legitimate reason for rejecting the opinions.

Plaintiff argues the ALJ should not have relied on the opinion of Dr. Klein in rejecting the opinions of Dr. Moua and Dr. Rosekrans.  (ECF No. 11 at 11.)  Plaintiff cites *Andrews v. Shalala*, 53 F.3d 1035 (9th Cir. 1995), and asserts "The ALJ used Dr. Klein's testimony and statements to reject the opinions of Dr. Rosekrans and Dr. Moua, which is contrary to *Andrews*."  Plaintiff misstates the law and its application in this case.  It is not improper for the ALJ to "use" the testimony of the medical expert to reject the opinion of an examining physician.  The *Andrews* court pointed out that "giving the examining physician's opinion more weight than the nonexamining expert's opinion does not mean that the opinions of nonexamining sources and medical advisors are entitled to no weight."  *Id.* at 1041.  Instead, "the report of a nonexamining, nonbreaking physician need not be discounted when it is not contradicted by *all other evidence* in the record." *Id.* (citation omitted).  Furthermore, *Andrews* is on point with the case at hand: "A fortiori, when it is an examining physician's opinion that the ALJ has rejected in reliance on the testimony of a nonexamining advisor, reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the

---

[5]It is noted that Dr. Klein also testified the failure to adequately explore the basis of an opinion is not typical of Dr. Rosekrantz' clinic.  (Tr. 45.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

record and are consistent with it." *Id.*  Additional cases have upheld the rejection of an examining or treating physician based on part on the testimony of a non-examining medical advisor when other reasons to reject the opinions of examining and treating physicians exist independent of the non-examining doctor's opinion.  *Lester*, 81 F.3d at 831, citing *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results).  Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating physicians. *Andrews*, 53 F.3d at 1039.

Plaintiff does not argue the ALJ failed to cite substantial evidence independent of Dr. Klein's opinion supporting his conclusions.  In addition to the evidence supporting Dr. Klein's conclusions cited *supra*, the ALJ also gave significant weight to the opinions of reviewing psychologists Dr. Kraft, Dr. Beaty and Dr. Bradley.  (Tr. 24, 369-85, 406-11.)  Dr. Klein also cited to independent evidence in the record supporting his opinion.  (Tr. 41-47.)  Additionally, in spite of giving significant weight to Dr. Klein's opinion that there is no severe impairment, the ALJ gave the plaintiff the benefit of the doubt and found there is a severe mental impairment.  (Tr. 17, 25.)  The RFC includes mental limitations consistent with and supported by other substantial evidence in the record.  Thus, the ALJ did not err by considering and  citing the opinion of Dr. Klein in rejecting the opinions of Dr. Moua and Dr. Rosekrans.

**2.    Duty to Develop the Record**

Plaintiff argues the ALJ should have further developed the record based on Dr. Klein's testimony. (ECF No. 11 at 14.)  Dr. Klein testified that "the diagnostic picture is probably not clear because the claimant is not giving a clear and consistent picture of himself to the healthcare providers." (Tr. 41.)  He also stated, "Now if one wanted to pursue this record further, and I don't necessarily think that is has to be, but if one were going to argue that, then the MMPI would be done, the Wechsler [Memory [Scale and Wechsler Adult Intelligence Scale would be done"  (Tr. 44.)  Dr. Klein opined that there is no psychological reason plaintiff cannot function socially for a labor job. (Tr. 44.)  He also testified that the

record does not even remotely establish that plaintiff is not employable based on his mental or psychological state. (Tr. 46.) When asked if he recommended further evaluation, he testified:

> Well, I certainly think it is a reasonable thing to do but, but just again for the clarity of the record, it's not that [sic] I said when you asked your initial question is the record sufficient to generate an opinion. It is sufficient to generate the opinion that it's impairment not severe. If there were certainly additional better information, then I would certainly be willing to recook at the record as it would then be constituted.

(Tr. 46.)

In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); *see also* 20 C.F.R. 404.1519a. Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998). An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan*, 242 F.3d at 1150.

The record before the ALJ was not inadequate. Dr. Klein unequivocally stated that the record was sufficient to generate an opinion regarding plaintiff's mental limitations. The ALJ cited substantial evidence supporting his findings and therefore concluded the evidence was not inadequate or ambiguous. As a result, the ALJ did not err by failing to further develop the record.

1
2
3                              **CONCLUSION**

4          Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is

5   supported by substantial evidence and is not based on error.

6          Accordingly,

7          **IT IS ORDERED:**

8          1.      Defendant's Motion for Summary Judgment **(ECF No. 12)** is **GRANTED.**

9          2.      Plaintiff's Motion for Summary Judgment **(ECF No. 10)** is **DENIED**.

10         The District Court Executive is directed to file this Order and provide a copy to counsel for

11  plaintiff and defendant.  Judgment shall be entered for defendant and the file shall be **CLOSED**.

12         DATED November 8, 2011

13

14                          S/ JAMES P. HUTTON
                     UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -15